Jackie DAY, Plaintiff-Appellant,

v.

Paul F. NIEBUR, Defendant-Respondent.

No. 36410.

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 9, 1976.

Samuel H. Liberman, St. Louis, for plaintiff-appellant.

Shifrin, Treiman, Bamburg & Dempsey, St. Louis, for defendant-respondent.

SMITH, Chief Judge.

Plaintiff appeals from a judgment against her in a court-tried case. Plaintiff sought to recover actual damages, punitive damages and injunctive relief against defendant for alleged discrimination against plaintiff in the rental of an apartment owned by defendant. Plaintiff is black.

Plaintiff raises four points. The first two are no more than abstract propositions of law and preserve nothing for appellate review. Rule 84.04(d). The fourth point relates to relief to be granted and is dependent upon a finding of discrimination. Point three is "A Plaintiff is entitled to Judgment as a Matter of law where the Court Finds that She has Established Facts Sufficient to Prove a Prima Facie Case, and the Defendant Presents No Contradictory Evidence Whatsoever As to those Facts."

While this point is also deficient, we interpret it as raising solely the proposition that the plaintiff's evidence established a cause of action, and therefore she is entitled to a judgment as a matter of law in the absence of contrary evidence from the defendant.

That is not the law. The burden of proof is upon the plaintiff. That burden carries with it the risk of non-persuasion. If a plaintiff has adduced evidence on all his points of proof, he has made a "prima facie" case and is entitled to submit his case to the trier of fact. That trier of fact may or may not accept that evidence as true and may or may not be persuaded thereby. *McCloskey v. Koplar*, 329 Mo. 527, 46 S.W.2d 557 (banc 1932).

We entertain serious doubts, as did the trial judge, that plaintiff's evidence even established a prima facie case. It is highly questionable that the defendant's agent treated plaintiff and a white "checker" differently. The agent's initial response to each was the same—that no apartment was immediately available. Plaintiff made no further efforts or inquiries and was in the agent's presence for only 3–5 seconds. The checker made further inquiries and was told that an apartment would be available in about a month. There was also substantial evidence from defendant that, if such difference in treatment occurred, it was not the product of discrimination but was based instead upon other considerations such as degree of interest or appearance. Defendant has black tenants in his apartment complex.

The court in finding for defendant, specifically referred to the credibility of defendant's witness and the indecisive nature of plaintiff's conduct. We find no error and affirm the judgment.

Judgment affirmed.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.